**Thaddeus Donald EDMONSON, Plaintiff–Appellant,**

v.

**LEESVILLE CONCRETE COMPANY, INC., Defendant–Appellee.**

No. 87–4804.

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1991.

Rehearing Denied Oct. 21, 1991.

James B. Doyle, Voorhies & Labbe, Lafayette, La., for plaintiff-appellant.

Joseph R. Ward, Jr., Anthony J. Clesi, Jr., New Orleans, La., Steven C. Graalmann, John B. Honeycutt, Jr., Percy, Smith, Wilson, Foote, Walker & Honeycutt, Alexandria, La., John S. Baker, Jr., Atty., Baton Rouge, La., for amicus Ward & Clesi.

John J. Weigel, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for amicus Defense Research Institute, Inc.

Wood Brown, III, New Orleans, La., for amicus LADC.

On Remand From the Supreme Court of the United States

Before GARWOOD, JOLLY and DUHÉ, Circuit Judges.

PER CURIAM:

This is a diversity action brought by plaintiff-appellant Thaddeus Donald Edmonson (Edmonson) against defendant-appellee Leesville Concrete Company, Inc. (Leesville) for personal injuries suffered in an accident allegedly caused by Leesville's negligence. The jury rendered a verdict for Edmonson, finding his total damages to be $90,000, but also finding him to have been 80 percent contributorily negligent. Hence the district court's judgment awarded him only $18,000. Edmonson appealed

to this Court, asserting as his sole ground of error Leesville's alleged racial discrimination in its exercise of peremptory challenges.

A divided panel of this Court applied *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and held that if Leesville had employed racial discrimination in the exercise of its peremptory challenges, then Edmonson would be entitled to the new trial he sought. However, the panel observed that the district court, in denying Edmonson's request that it require Leesville to articulate a neutral explanation for its exercise of its peremptory challenges, had not ruled on whether Edmonson had established a *prima facie* case of racial discrimination in this respect, and that this matter should be determined by the district court in the first instance. The panel further observed that Leesville had not been afforded an opportunity to state such a neutral explanation as it might have for its challenges. The panel therefore remanded the case to the district court for further proceedings, directing that the district court determine in the first instance whether Edmonson had established a *prima facie* case of racial discrimination in Leesville's exercise of peremptory challenges, and if so, to require Leesville to show some nonracial reason for its challenges, and if it failed to do so, then to order a new trial. *Edmonson v. Leesville Concrete Co., Inc.*, 860 F.2d 1308, 1310, 1315 (5th Cir.1988).

We took the case en banc, and determined that, since it was a civil suit between private parties, *Batson* did not apply and hence Edmonson had no right to complain of any racial motivation on Leesville's part in its exercise of its peremptory challenges. *Edmonson v. Leesville Concrete Co., Inc.*, 895 F.2d 218 (5th Cir.1990) (en banc).

The United States Supreme Court granted *certiorari* and ultimately reversed the en banc court's decision, holding that *Batson* applies to civil suits between private parties. *Edmonson v. Leesville Concrete Co., Inc.*, — U.S. —, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). The Supreme Court in its opinion stated that "[i]t remains to consider whether a *prima facie* case of racial discrimination has been established in the case before us ..." *Id.*, 111 S.Ct. at 2088. However, the Court did not thereafter answer that question. Rather, it simply noted that the same approach to determining whether such a *prima facie* case has been established should be applied in both civil and criminal cases, and then stated "we leave it to the trial courts in the first instance to develop evidentiary rules for implementing our decision." *Id.* at 2089. The Court's opinion concludes by stating "[t]he judgment is reversed and the case is remanded for further proceedings consistent with our opinion." *Id.*

Following receipt of the mandate of the Supreme Court, this case was referred to the present panel, whose members were selected by lot.

We now remand the case to the district court to determine in the first instance whether or not Edmonson established a *prima facie* case of racial discrimination under the standards set forth in the Supreme Court's opinion in this case. If the district court determines that Edmonson has established such a *prima facie* case, then it will afford Leesville the opportunity to show that it exercised its peremptory challenges for a neutral, that is to say nonracial, reason or reasons. If Leesville does not come forward with such a showing, the district court shall order a new trial. Otherwise the district court shall deny Edmonson relief.

The case is accordingly REMANDED for further proceedings consistent with this opinion.

REMANDED.