United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60038
Summary Calendar
_____

TROY D. BROWN, SR.,

                                        Plaintiff-Appellant,

versus

MISSISSIPPI VALLEY STATE UNIVERSITY; ET AL,

                                        Defendants,

LESTER C. NEWMAN, Individually and in His
Official Capacity of President of Mississippi
Valley State University; KEVIN A. ROLLE,
Individually and in His Official Capacity as
Vice President of Student Affairs of Mississippi
Valley State University,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:99-CV-168-BB
--------------------

Before GARZA, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Troy D. Brown, Sr. is appealing the district court's order

denying his challenge made during the jury voir dire pursuant to

<u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).  Following a jury trial,

the district court dismissed Brown's complaint seeking relief

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the civil rights statutes and state law prohibiting malicious interference with employment relations.

Brown argues that the district court erred in upholding the appellees' reasons for challenging two African-American members of the venire without making a determination that the reasons were pretextual and that the strikes were actually discriminatory. The appellees respond that in failing to dispute the non-discriminatory reasons for the challenges, Brown waived his initial Batson challenge and, thus, the ruling is not subject to appellate review.

The Equal Protection Clause forbids a prosecutor to challenge potential jurors solely on account of their race. Batson v. Kentucky, 476 U.S. 79, 89 (1986). In Batson, the Court outlined a three-step process for evaluating claims that a prosecutor used peremptory challenges in a manner violating the Equal Protection Clause: (1) a defendant must make a prima facie showing that the prosecutor has exercised his peremptory challenges on the basis of race; (2) the burden then shifts to the prosecutor to articulate a race-neutral reason for striking the juror in question; and (3) the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination. Hernandez v. New York, 500 U.S. 352, 358-59 (1991) (citing Batson, 476 U.S. at 96-98). The principles announced in Batson have been applied to challenges to jurors in

private civil litigation.  <u>Edmonson v. Leesville Concrete Co.</u>, 943 F.2d 551, 552 (5th Cir. 1991).

A party opposing a challenge to a member of the venire under <u>Batson</u> must prove purposeful discrimination in response to the striking party's statement of racially neutral reasons for the strike.  He cannot rely on his initial objection.  <u>See</u> <u>United States v. Arce</u>, 997 F.2d 1123, 1127 (5th Cir. 1993) (citing <u>United States v. Rudas</u>, 905 F.2d 38, 41 (2nd Cir. 1990)).

In failing to object to the district court's determination that the defendants presented racially neutral reasons for their challenges to the African-American members of the venire, Brown waived his <u>Batson</u> claim.  Therefore, the denial of the <u>Batson</u> challenge is AFFIRMED.